Hutchings&Co.
vs.
Stilwell.

---

Case 42.

Ord. Pet.

## Hutchings, & Co. vs. Stilwell.

### APPEAL FROM JEFFERSON CIRCUIT.

The *5th section of the Statute on Gaming, Rev. Stat. page* 368, applies to money bet and staked on an election; and any stakeholder of money bet on an election is bound to return it when requested to do so by any one who has deposited it, and on failure to do so, it may be recovered of him by the party aggrieved,

[The facts of the case are stated in the opinion of the court. Rep.]

*Riley,* for appellant—

1. The decision of this court, in the case of *Love vs. Harris,* is relied on as showing that betting on elections does not come within the provisions of the *5th sec. of the Statute on Gaming, Revised Statutes, page* 368. It was either a bet or not a bet; if it was a bet Gwinn has received the stakes, and the right of action to recover it is in the commonwealth, and not in Stilwell.

2. There was no sufficient notice to or demand made of appellants. (See *Bank of Kentucky vs. Thornsberry*, 3 *B. Monroe*, 519.) In this case Stilwell claimed his money back because of an alleged mistake; Hutchings & Co. knew there was no mistake, and therefore paid it over to the winner. There was no absolute demand. The petition fairly construed must be taken to mean that there was no bet, and that upon that fact the demand was predicated; and the appellants had a right to the trial of that issue, and tendered it in the answer, which the court rejected as is supposed, erroneously.

*Russeau & Russeau*, for appellee—

The appellants admit the demand and refusal to pay over the $500 as alleged, but say there was no error in the writing containing the terms of the bet, and that they refused to pay the money to Stilwell because Gwinn won it; and they paid it to him before they had notice of the suit. That they had the money when Stilwell demanded it is not denied, but admitted; and no question is' presented in the answer but a denial of the alleged error.

The wager was illegal, and either party had the right to avoid it at any time before the money was paid over; and when repudiated the stake-holder was bound to pay to each party the money staked. (See *Parsons on Contracts*, 138–9, and notes citing 5 *Term Rep.* 405.)

There was no forfeiture of the money in this case; there could be none until it was paid over to the winner, which was not done until after demand by Stilwell, and his right of action had accrued against the stake-holders, Hutchings & Co.

Judge DUVALL delivered the opinion of the court.                Jan. 27, 1858.

Stilwell alleges, in his petition, that in October last he made a bet of $500 with one Gwinn, on the result of the presidential election which took place in November; that the parties attempted to reduce

to writing the terms of their bet, but by mistake the writing did not conform to the verbal agreement or understanding between them; that they each deposited $500 with Hutchings & Co., as stake-holders, which money was alleged to be in their hands at the time of the filing of the petition; "that the plaintiff, 'because of said error or mistake, at the office of 'defendants in Louisville, on the 2d day of Decem-'ber, 1856, demanded from the defendants the said '$500 so deposited by him, but they refused to pay 'it, &c.," and that "they now have possession of the same, without right," &c.

Hutchings & Co. admit, in their answer, the bet, and the deposit with them of the money as alleged, but they deny that there was any mistake in the writing; they say "said money is not in the hands 'of defendants—they paid it over to Gwinn before 'they *knew of plaintiff's suit.*" Plaintiff did demand said $500, and defendants refused to give it to him because Gwinn had won the bet.

A demurrer to the answer was sustained, and Hutchings & Co. have appealed.

We think the answer was properly adjudged insufficient on the demurrer. The issue in regard to the alleged mistake in the writing was wholly immaterial; and the demand of the money was not conditional, as is assumed in argument. The allegation is, in effect, that the plaintiff demanded back his money because of the alleged mistake in the writing—not upon condition that the mistake should be shown to exist. But the answer itself obviates all difficulty on this point. The appellants admit that Stilwell did demand the money, and that they refused to pay it, not because the demand was equivocal, or conditional, or contingent, but simply because " *Gwinn had won the bet.*"

The right of the appellee to recover in this action is unquestionable. The *5th section of the chapter on gaming, Rev. Stat. page* 368, is as follows:

" The stake-holder of any money or thing that
' may be staked on *any bet or wager*, shall, when
' thereto notified, return the same to the person ma-
' king the stake or deposit, and for failing to do so,
' the amount or value of the stake may be recovered
' from him by the party aggrieved."

It is surely unnecessary to argue that a bet on an
election is within the letter as well as within the ob-
vious intent and meaning of this statute. The prin-
ciple settled in the case of *Love vs. Harris*, (*June
Term*, 1857.) has no application to this case. It
was then decided, that under the act of 1854 the
right of action to recover *from the winner*, money or
property lost on an election, was in the common-
wealth and not in the party losing. And the court
expressed a doubt whether an election could be con-
sidered a "game," within the meaning of the 1st
section of the chapter on gaming, *supra*. It will be
seen, at once, that no such question arises in the
case before us. This is a proceeding to recover, not
against the winner, but against the stake-holder,
under the provision of the section quoted. The act
of 1854 has nothing to do with the case.

The appellants, having been duly notified of the
intention of Stilwell to reclaim the money in con-
test, by a proper demand, before it was paid to the
winner, are unquestionably liable for the amount, to
the latter.

The judgment is therefore affirmed.

*The 5th sec. of
the Statute on
Gaming, Revised
Stat p 368, ap-
plies to money
bet and staked
on an election;
and any stake-
holder of money
bet on an elec-
tion is bound to
return it when
requested to do
so by any one
who has deposi-
ted it, and on
failure to do so,
it may be recov-
ered of him by
the party ag;
grieved.*